FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 19 2012 ★
BROOKLYN OFFICE

SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MONIQUE WILLIAMS and STANLEY
WILLIAMS,

               Plaintiffs,

    -against-

THE CITY OF NEW YORK, POLICE
OFFICER JOSEPH BONO (Tax # 941444)
and POLICE OFFICER(S) JOHN DOE 1-5[1],
               Defendants.
-------------------------------------------------------x

COMPLAINT

JURY DEMAND

CV12-241

AMON, CH.J.

REYES, M.J

Plaintiffs MONIQUE WILLIAMS and STANLEY WILLIAMS (hereinafter "plaintiffs") by their attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK, POLICE OFFICER JOSEPH BONO (Tax # 941444) and POLICE OFFICER(S) JOHN DOE 1-5 (collectively referred to as the Defendants), upon information and belief, alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to each plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to each plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §§ 1982, 1983 and 1985, [and arising under the laws and statutes of the State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to each plaintiff by the Fourteenth Amendment to the

---

[1] The above-referenced officers, upon information and well-founded belief, were and are law enforcement officers employed by the New York City Police Department.

Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear State and/or City law causes of action. The events, parties, transactions, and injuries that form the basis of each plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of each plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

5. During all times material to this complaint, the plaintiffs were, and still are, residents of the City and State of New York, each presently residing in Kings County.

6. At all relevant times, defendants POLICE OFFICER JOSEPH BONO (Tax # 941444) and POLICE OFFICER(S) JOHN DOE 1-5 (collectively referred to as "defendant officer(s)"), upon information and belief, were and still are, law enforcement officers in the employ of the Police Department of the City of New York.

7. At all times herein, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity, and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

8. At all relevant times, the defendant City of New York was/is a municipal corporation of the State of New York, and was/is the employer of the defendant Officers, through its Police Department, namely New York City Police Department and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

9. Each plaintiff sues all defendants in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about April 22, 2011, at approximately 08:00 p.m., on Troy Avenue, between Atlantic Avenue and Herkimer Street, in Brooklyn, New York (hereinafter "subject location"), the plaintiffs were falsely arrested without probable cause by the defendant police officers.

11. Prior to the time of the above-referenced arrest, the plaintiff Monique Williams was operating a vehicle, within which her son, the plaintiff Stanley Williams and two other young men (who were friends of the plaintiff Stanley Williams) were passengers.

12. Prior to the time of the above-referenced arrest, the plaintiff Monique Williams, who resided and still resides with her son Stanley Williams at 1650 Pacific Street, #1A, Brooklyn, New York 11213, had driven to her home in order to pick up her son, so that she could drop him off at her sister Carole Blake's residence, located at 456 Dekalb Avenue, Brooklyn, New York, and then proceed to work.

13. Prior to the time of the above-referenced arrest, the plaintiff Monique Williams, who was and still is employed as a Correctional Officer by the New York City Corrections Department, would drop her son off at Ms. Blake's residence, in order that he spend the night, while she (plaintiff Monique Williams) worked the night shift.

14. Prior to the time of the above-referenced arrest, the plaintiff Monique Williams arrived at the front of her residence, waited for

approximately two (2) minutes for the plaintiff Stanley Williams and the other two young men to exit from her residence and enter into the vehicle.

15. After the plaintiff Stanley Williams and the other two young men entered into the plaintiff Monique Williams vehicle, she (the plaintiff Monique Williams proceeded to drive her vehicle to the end of the block, whereupon she made a right turn onto Troy Avenue.

16. As the plaintiff Monique Williams was driving her vehicle on Troy Avenue, she was stopped by the defendant officers, who at the time were within an unmarked vehicle.

17. The plaintiff Monique Williams asked the defendant officers why they had stopped her vehicle. One of the defendant officers, who, upon information and well-founded belief was a Sergeant, responded "because I can".

18. The defendant officers instructed the plaintiff Monique Williams to step out of her vehicle, and told her that they intended to search her vehicle.

19. The plaintiff Monique Williams refused to give permission to the defendant officers to search her vehicle.

20. At that juncture the plaintiff Monique Williams was handcuffed by the defendant officers, following which she was placed in a van.

21. The defendant officers then took the plaintiff Stanley Williams and the other two young men out of the plaintiff Monique Williams' vehicle, following which they illegally searched the plaintiff Monique Williams vehicle.

22. Nothing illegal or unlawful was recovered from the plaintiff Monique Williams' vehicle by the defendant officers.

23. The defendant officers then proceeded to search the plaintiff Stanley Williams and the two young men, following which they claimed that they had recovered a marijuana cigarette stub from the person of one of the young men.

24. The plaintiffs were then taken by the defendant officers to a police precinct.

25. Upon arrival at the police precinct, one of the defendant officers called the plaintiff Monique Williams' workplace to inform them that the plaintiff Monique Williams had been arrested.

26. The plaintiff Monique Williams' Union Representative subsequently appeared at the precinct, and was informed by one of the defendant officers that she (plaintiff Monique Williams) had been arrested because she had been observed smoking a marijuana cigarette in her vehicle, with the windows wound down, and that when she was stopped, she had blown marijuana smoke in their faces.

27. That statement was a blatant and malicious falsehood, as the plaintiff Monique Williams had not done such a thing.

28. The plaintiff were then "processed", or otherwise photographed and fingerprinted.

29. That was the first time the plaintiff Monique Williams had been arrested in her life.

30. At approximately 06:00 a.m. on April 23, 2011, the plaintiff Monique Williams was released after she was issued with a Desk Appearance Ticket, signed by defendant Police Officer Joseph Bono, wherein she was instructed that she "must appear" at Kings County Criminal Court on June 1, 2011, and that if she did not, a warrant would be issued for her arrest.

31. Within the Desk Appearance Ticket, the plaintiff Monique Williams was charged with the New York State Penal Law §221.10. [Criminal possession of marihuana in the fifth degree].

32. The plaintiff Stanley Williams was released at approximately 07:00 a.m. on April 23, 2011 after also being issued with a Desk Appearance Ticket.

33. Following their release, the plaintiffs subsequently discovered that the Kings County District Attorney had in fact declined to prosecute them.

34. The plaintiff Monique Wiliams' arrest # was "K11639616".

35. That following her release, due to the allegations that had been leveled against her by the defendant officers, the plaintiff Monique Williams was compelled by her employer to undergo an immediate drug test, at approximately 10:00 a.m. on April 23, 2011.

36. That the result of the drug test was "negative", which belied the malicious and false allegations of the defendant officers as set forth above.

## CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

37. By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. The above-described respective arrest, detention and imprisonment of each plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing said plaintiff's arrest or subsequent detention.

39. As a result of each plaintiff's above-described false arrest and imprisonment, he/she has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him/her, was prevented from attending to his/her necessary affairs, and has been otherwise damaged in his/her character and reputation.

40. Consequently, each plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

41. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

### CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

42. By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 41 of this complaint as though fully set forth herein.

43. Each and every individual defendant had an affirmative duty to intervene on each plaintiff's behalf to prevent the violation to his/her constitutional rights, as more fully set forth above.

44. The individual defendants failed to intervene on each plaintiff's behalf to prevent the violation of his/her constitutional rights, despite having had a realistic and reasonable opportunity to do so.

45. As a consequence of said defendants' actions, each plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and each plaintiff's constitutional rights were violated. Each plaintiff hereby demands compensatory damages and punitive damages, in an amount of to be determined at trial, against each of the defendants, individually and severally.

### CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

46. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47. Following each plaintiff's arrest, the defendants searched and/or caused each plaintiff and/or their property to be searched, without any individualized reasonable suspicion that they were concealing weapons or contraband.

48. As a result of the foregoing, each plaintiff was subjected to an illegal and improper search.

49. The foregoing unlawful search violated each plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS: FALSE ARREST, FALSE IMPRISONMENT AND UNLAWFUL SEARCH PURSUANT TO ARTICLE 1, SECTION 12, OF THE NEW YORK STATE CONSTITUTION

50. By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. The above-described respective arrest, search, detention and imprisonment of each plaintiff was without just or probable cause and without any warrant or legal process directing or authorizing said plaintiff's arrest or subsequent detention.

52. As a result of each plaintiff's above-described false arrest, search, and imprisonment, he/she was caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him/her, was prevented from attending to his/her necessary affairs, and has been otherwise damaged in his/her character and reputation.

53. Consequently, each plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

54. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

55. By this reference, each plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. The defendants arrested and incarcerated each plaintiff, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest(s) and incarceration(s) would jeopardize each plaintiff's liberty, well-being, safety and constitutional rights.

57. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

58. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

59. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal transactions;

b. manufacturing evidence against individuals allegedly involved in illegal transactions;

c. unlawfully searching pre-arraignment detainees in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband; and

d. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

60. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

61. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner

Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

62. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court, in the case(s) of <u>Jose Colon v. City of New York</u>, et al (09-cv-8) and <u>Maximo Colon v. City of New York</u>, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

63. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to her by the Constitution of the United States:

(a) The right of each plaintiff to be secure in his/her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of each plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him/her by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that each plaintiff was detained without probable cause.

64. As a result of the actions of the defendants, each plaintiff was deprived of his/her rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned each plaintiff thereby depriving each plaintiff of his/her liberty without due process of law.

65. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiffs constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiffs for the damages they suffered.

66. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

67. The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

WHEREFORE, each plaintiff respectfully prays for judgment as follows:

1. For compensatory damages against each and all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against each and all defendants in an amount to be proven at trial;

3. For costs of suit herein, including each plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, each plaintiff demands a trial by jury.

Dated: Brooklyn, New York
January 18, 2012

LAW OFFICES OF WALE MOSAKU, P.C.

By:

Wale Mosaku (AM5872)
Attorney(s) for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994